UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| YOOJIN CHONG and MARIBETH CHONG,<br><br>    Plaintiffs,<br><br>    v.<br><br>SAFECO INSURANCE COMPANY,<br><br>    Defendants. | CASE NO. C05-0974RSM<br><br>ORDER GRANTING IN PART<br>MOTION TO CONTINUE |

THIS MATTER comes before the Court on defendant's Motion to Continue Summary Judgment Hearing Pursuant to Federal Rule of Civil Procedure 56(f).  (Dkt. #20).

The Court, having considered defendant's motion (Dkt. #20), plaintiffs' response (Dkt. #23), defendant's reply (Dkt. #26), the declarations in support of those pleadings, and the remainder of the record, hereby finds and ORDERS:

(1) Defendant's motion to continue plaintiffs' motion for summary judgment (Dkt. #20) is GRANTED IN PART.

Defendant initially moved this Court to continue plaintiffs' motion for summary judgment until such time as it had the opportunity to depose plaintiffs.  Defendant argued that it had been attempting for several months to obtain plaintiffs' depositions, but had been unable to do so.  As a result, defendant asserts that is unable to adequately answer plaintiffs' factual assertions raised in their motion for summary judgment.

ORDER
PAGE – 1

Plaintiffs respond that defendant's failure to obtain their depositions is due to its own dilatory actions in pursuing discovery in this case. However, "as a professional courtesy," plaintiffs do not object to a two-week continuance of their motion, as long as that continuance does not impact the current discovery cutoff date of March 31, 2006, or the current trial date of July 10, 2006.

Defendant has since raised for the first time in its reply, an issue pertaining to an alleged non-disclosure of some 30 boxes of evidence. Apparently, defendant will be inspecting such evidence on March 20, 2006, and asserts that inspection will be necessary and material prior to taking plaintiffs' depositions, and subsequently responding to plaintiffs' motion for summary judgment. Thus, defendant asks the Court to continue plaintiffs' motion until sometime after that date.

It is not appropriate to raise a new argument for the first time in a reply brief, and therefore, the Court will not consider it. *See, e.g.*, *Bazuaye v. INS*, 79 F.3d 118, 120 (9th Cir. 1996) (citing *Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990)); *Thompson v. Commissioner*, 631 F.2d 642, 649 (9th Cir. 1980). By raising issues pertaining to newly discovered evidence and a related motion for sanctions in its reply, defendant has effectively prevented plaintiffs from responding to the allegations and request for a continuance beyond March 20, 2006.

Accordingly, the Court will grant a continuance only until March 17, 2006, to which plaintiffs have agreed. The discovery cutoff date remains March 31, 2006, and the trial date remains July 10, 2006.

However, nothing in this Order prevents the parties from stipulating to a continuance beyond March 17, 2006. The parties should be aware that any continuance beyond April 28, 2006, will impact the trial date.

In addition, nothing in this Order prevents defendant from renewing its motion for a continuance for a date after March 20, 2006, based on the newly discovered evidence, by

ORDER
PAGE – 2

1  properly noting such motion pursuant to the Court's Local Rules, which would provide plaintiffs
2  with an opportunity to respond to that request.
3      (2) The Clerk shall RE-NOTE plaintiffs' motion for summary judgment (Dkt. #17) for
4  March 17, 2006.
5      (3) Defendant's response brief is now due Monday, March 13, 2006, and any reply brief
6  by defendants is due Friday, March 17, 2006.
7      (4) The Clerk shall send a copy of this Order to all counsel of record.
8      DATED this __27__ day of February 2006.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
PAGE – 3