1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10
11
12
13
14
15
16
17

YOO JIN CHONG and MARIBETH
CHONG,

　　　　　　Plaintiffs,

　　　v.

SAFECO INSURANCE COMPANY OF
AMERICA,

　　　　　　Defendant.

CASE NO.  C05-0974RSM

ORDER DENYING PLAINTIFFS'
MOTION FOR SUMMARY
JUDGMENT AND DENYING IN
PART DEFENDANT'S CROSS-
MOTION FOR SUMMARY
JUDGMENT

## I.  INTRODUCTION

18
19
20
21
22
23
24
25
26

　　　　This matter comes before the Court on plaintiffs' Motion for Partial Summary Judgment

and defendant's related Cross-Motion for Partial Summary Judgment.  (Dkts. #17 and #39).

Plaintiffs ask this Court to dismiss defendant's one-year contractual limitation affirmative

defense to their breach of contract claim based on the doctrines of express waiver, implied

waiver or equitable estoppel.  Defendant argues that it did not expressly waive the one-year

limitation period, that any waiver must be in writing, that there was no implied waiver because it

reaffirmed in writing that its continued investigation did not constitute waiver, and that

Washington law provides that continued investigations do not constitute waiver.  Defendant

ORDER
PAGE - 1

further argues that plaintiffs cannot rely on the doctrine of equitable estoppel because they come to this Court with "unclean hands." Accordingly, defendant asks this Court to grant summary judgment in its favor, and dismiss plaintiffs' breach of contract claims.

For the reasons set forth below, the Court disagrees with both plaintiffs and defendant, and therefore DENIES plaintiffs' motion for partial summary judgment, and DENIES IN PART defendant's cross-motion for partial summary judgment.

## II. DISCUSSION

### A. Background

This matter arises from the denial of an insurance claim for damage to plaintiffs' house and belongings resulting from a fire over the Fourth of July weekend in 2002. Plaintiffs submitted a claim under their policy with defendant. The insurance policy contains a clause related to the filing of any lawsuit against defendant. That clause states:

> **8. Suit Against Us.** No action shall be brought unless there has been compliance with the policy provisions and the action is started within one year after the loss or damage.

(Dkt. #19, Ex. 1 at 11) (emphasis in original).

While defendant paid nearly $700,000 on the claim, on October 2, 2004, defendant denied any remaining coverage on the basis that plaintiffs had intentionally misrepresented information with respect to their financial situation, the repair estimate and the contents inventory. (Dkt. #43, Ex. T at 4). Defendant also informed plaintiffs that additional policy defenses and limitations on recovery may apply to their claim, including the "Suit Against Us" provision highlighted above. (Dkt. #43, Ex. T at 5).

On May 27, 2005, plaintiffs filed the instant lawsuit alleging breach of contract claims, violation of the Washington Consumer Protection Act ("CPA") and bad faith claims. In its Answer to the Complaint, defendant asserted as an affirmative defense that "[p]laintiffs have failed to file suit within the applicable limitations [period]." (Dkt. #4 at 4). Defendant agrees

ORDER
PAGE - 2

1  that the limitation period applies only to plaintiffs' breach of contract claims, but not to the CPA

2  or bad faith claims.

3        Plaintiffs now argue that this Court should dismiss defendant's affirmative defense

4  because defendant's counsel expressly waived that limitation on June 6, 2003, at the oral

5  examination of Maribeth Chong. Ms. Chong[1] recalls that prior to her examination, her former

6  counsel asked defendant's counsel whether he would waive the one-year contractual limitation

7  period to avoid the necessity of filing suit before defendant had the opportunity to complete its

8  investigation. Ms. Chong asserts that defendant's counsel replied, "of course."[2] (Dkt. #18 at 1-

9  2). Plaintiff further argues that even if there had been no express oral waiver, the numerous

10  letters of correspondence received from defendant, wherein defendant stated it was continuing

11  to investigate plaintiffs' claim, constitute implied waiver of the limitation period. Finally,

12  plaintiffs assert that defendant should be prevented from raising the contractual limitation

13  defense based on the doctrine of equitable estoppel.

14        Defendant asserts that no express waiver was ever made on June 6, 2003, that plaintiffs

15  were informed through a number of letters that no waiver or estoppel was intended and should

16  not be inferred from its continued investigation of plaintiffs' claim, and that plaintiffs cannot rely

17  on the doctrine of equitable estoppel because they come to this Court with "unclean hands."

18  Defendant asks this Court to apply the limitation period and dismiss plaintiffs' breach of contract

19  claims.

20

21

22  [1] The Court recognizes that both Maribeth and Yoojin Chong are doctors. However, in order to avoid confusion, the Court will differentiate plaintiffs by referring to them as either Ms. Chong or Mr.

23  Chong.

24  [2] Plaintiffs have since conceded that there is a genuine issue of material fact with respect to this recollection, and therefore, proceed only on their alternate arguments based on implied waiver and

25  equitable estoppel. (Dkt. #52 at 3). As further discussed below, defendant continues to argue that Ms.

26  Chong's declaration raises no genuine issue of material fact. (Dkt. #53 at 2).

ORDER
PAGE - 3

**B.  Summary Judgment Standard**

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247 (1986).   The Court must draw all reasonable inferences in favor of the non-moving party.  *See F.D.I.C. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992), *rev'd on other grounds,* 512 U.S. 79 (1994).  The moving party has the burden of demonstrating the absence of a genuine issue of material fact for trial.  *See Anderson*, 477 U.S. at 257.  Mere disagreement, or the bald assertion that a genuine issue of material fact exists, no longer precludes the use of summary judgment.  *See California Architectural Bldg. Prods., Inc., v. Franciscan Ceramics, Inc*., 818 F.2d 1466, 1468 (9th Cir. 1987).

Genuine factual issues are those for which the evidence is such that "a reasonable jury could return a verdict for the non-moving party."  *Anderson,* 477 U.S. at 248.  Material facts are those which might affect the outcome of the suit under governing law.  *See id.*  In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial."  *Crane v. Conoco, Inc*., 41 F.3d 547, 549 (9th Cir. 1994) (citing *O'Melveny & Meyers*, 969 F.2d at 747).  Furthermore, conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment.  *Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 60 F. 3d 337, 345 (9th Cir. 1995).  Similarly, hearsay evidence may not be considered in deciding whether material facts are at issue in summary judgment motions.  *Blair Foods, Inc. v. Ranchers Cotton Oil,* 610 F. 2d 665, 667 (9th Cir. 1980).

**C.  Applicable Law**

The instant case was filed in this Court based on diversity of the parties.  Accordingly,

1    the issues presented are governed by Washington State law.  *See Klaxon Co. v. Stentor Electric*

2    *Mfg. Co.*, 313 U.S. 487, 496 (1941); *Insurance Co. N. Am. v. Federal Express Corp.*, 189 F.3d

3    914, 919 (9th Cir. 1999) (explaining that in an ordinary diversity case, federal courts apply the

4    substantive law of the forum in which the court is located).  Neither party disputes that

5    Washington State law is applicable to this case.

6              **D.  Waiver of Contractual Limitation Period**

7              As noted above, the insurance policy at issue in this dispute contains a clause related to

8    the filing of any lawsuit against defendant.  That clause states:

9              **8.  Suit Against Us.**  No action shall be brought unless there has been
             compliance with the policy provisions and the action is started within one year
10            after the loss or damage.

11   (Dkt. #19, Ex. 1 at 11) (emphasis in original).  While plaintiffs filed their claim for damages on

12   or about July 4, 2002, they did not file the instant lawsuit until May 27, 2005.  It appears to be

13   defendant's position that the suit limitation period ran on July 4, 2003.  (*See* Dkt. #19, Ex. 4).

14   Plaintiffs do not dispute that contractual suit limitation periods in insurance polices are valid and

15   enforceable under Washington law.  *See* RCW § 48.18.200 (stating that "[n]o insurance contract

16   . . . shall contain any condition, stipulation, or agreement . . . limiting right of action against the

17   insurer . . . to a period of less than one year from the date of the loss.");  *see also Johnson v.*

18   *Phoenix Assurance Co.*, 70 Wn.2d 726, 728-29 (1967) (upholding a policy provision requiring

19   suit within 12 months).  Rather, plaintiffs argue that defendant waived the limitation period, or in

20   the alternative, should be estopped from asserting the limitation period.  The Court addresses

21   each argument in turn below.

22             *1.  Waiver*

23             A waiver is the voluntary relinquishment of a known right.  *Voelker v. Joseph*, 62 Wn.2d

24   429, 336 (1963).  "To establish it, there must be shown an act or omission on the part of the one

25   charged with the waiver fairly evidencing an intention permanently to surrender the right in

26

ORDER
PAGE - 5

1   question." *Id.* (citation omitted).  Washington courts have determined that waiver may be

2   express or implied.  *Reynolds Metals Company v. Electric Smith Construction & Equipment*

3   *Co.*, 4 Wn. App. 695, 700 (1971) (citation omitted).  However, if a party asserts that waiver

4   was implied, "caution must be exercised both in proof and application."  *Id.*  In addition, the

5   facts and circumstances relied upon must be unequivocal in character.  *Id.* (citation omitted).

6   When waiver would be in derogation of a statutory right, it is not favored, and will not be

7   inferred from doubtful acts.  *Id.* (citations omitted).

a. Express Waiver

9       Plaintiffs initially argued that defendant's counsel expressly waived the policy's limitation

10  period on June 6, 2003, when defendant's counsel responded "of course," when asked by

11  plaintiffs' counsel if he would waive that provision.  That argument is supported by the

12  declaration of Ms. Chong.  (Dkt. #18 at 1-2).  However, plaintiffs now concede that defendant's

13  response raises a genuine issue of material fact as to that conversation.  Defendant has produced

14  the declaration of Susan Paulson, an adjuster who was present at the examination, who denies

15  that such a conversation ever occurred.  (Dkt. #40 at 1).  Defendant has also produced the

16  deposition of Mr. Chong, who was present at the examination, but does not recall hearing the

17  conversation between Ms. Chong and her counsel.  (Dkt. #53, Ex. A).

18      Defendant argues that Ms. Chong's declaration does not create an issue of material fact

19  as to whether defendant's counsel expressly waived the limitation period, because any agreement

20  in conflict with the plain language of the policy must be in writing.[3]  (Dkt. #39 at 11-12).

21      The Court finds defendant's argument misplaced.  On defendant's cross-motion for

22  summary judgment, Ms. Chong's declaration does create a genuine issue of material fact as to

23  whether defendant's counsel expressly waived the limitation period.  Therefore, the Court agrees

24

25      [3] Defendant also makes one conclusory statement that Ms. Chong's declaration "may very well
violate Federal Rule of Civil Procedure 56(g).  (Dkt. #39 at 11).  Because defendant presents no
26  additional argument or legal authority in support of that statement, the Court will disregard it.

ORDER
PAGE - 6

with plaintiff that this issue is left for the jury to resolve.  Accordingly, the Court need not consider whether any oral waiver could properly modify the terms of the insurance policy.

b.  Implied Waiver

Plaintiffs next argue that even if there is no express waiver, defendant impliedly waived the limitation period by repeatedly advising them that its investigation was continuing and therefore it could neither admit nor deny liability.  (Dkt. #17 at 11-12).  Defendant responds that RCW 48.18.470 precludes the finding of implied waiver.  (Dkt. #53 at 3).  The Court agrees with defendant.

Although plaintiffs present numerous letters from defendant in support of their argument, wherein defendant states that it is continuing to investigate plaintiffs' claim, those same letters also include explicit language that defendant "reserves all of its rights and defenses, and no waiver nor estoppel is intended nor should it be inferred." (Dkt. #18, Exs. 1-3, 5-6, 9-11, 13-16, 18-19 and 21-26).  Defendant's language is directly supported by Washington statute which provides that "[n]one of the following acts by or on behalf of an insurer shall be deemed to constitute a waiver of any provision of a policy or of any defense of the insurer thereunder: . . .(c) Investigating any loss or claim under any policy or engaging in negotiations looking toward a possible settlement of any such loss or claim." RCW 48.18.470 (c).  Furthermore, while Washington courts do not appear to have specifically addressed this issue, they have rejected implied waiver by implication. *See, e.g., Logan v. The North-West Ins. Co.*, 45 Wn. App. 95, 99 (1986) (explaining that waiver is "the voluntary and intentional relinquishment or abandonment of a known right, with the insurer's full knowledge  of all the facts pertaining thereto," and therefore, to avoid summary judgment, plaintiffs must submit evidence that defendant "voluntarily and intentionally waived its right to assert the 1-year policy limitation"(citation omitted)).  Thus, this Court finds that it is precluded from equating defendant's continued investigation, with the voluntary relinquishment, or waiver, of the contractual suit limitation

ORDER
PAGE - 7

period.  Accordingly, to the extent that defendant asks the Court to grant summary judgment in its favor by rejecting plaintiff's implied waiver argument, the Court will so Order.

### 2. *Estoppel*

Plaintiffs next argue that defendant should be prevented from raising an affirmative defense based on the contractual limitation period under the equitable estoppel doctrine.  (Dkt. #17 at 12-19).  Defendant does not respond to the merits of plaintiffs' estoppel argument.  Rather, defendant argues that plaintiffs are not entitled to rely on an equitable estoppel defense because they come to this Court with "unclean hands."  (Dkt. #39 at 16-17).  As further explained below, the Court is not persuaded by defendant that plaintiffs are precluded from relying on equitable estoppel; however, the Court also finds that genuine issues of material fact have been raised, and therefore summary judgment is not appropriate for either party.

Washington courts have consistently held that, in cases involving contractual rather than statutory limitation periods, a party may be equitably estopped from asserting a suit limitation provision "where a person, by his acts or representations, causes another to change his position to or refrain from performing a necessary act to such person's detriment or prejudice."  *Dickson v. United States Fidelity & Guaranty Co.*, 77 Wn.2d 785, 788 (1970); *Buchanan v. Switz. Gem. Ins. Co.*, 76 Wn.2d 100, 108 (1969) (explaining that in the insurance context, estoppel precludes an insurer from asserting a right where it would be inequitable to permit the assertion).  In general, the estoppel analysis involves issues of fact.  *Litz v. Pierce County*, 44 Wn. App. 674, 683 (1986).  In addition, the assertion of estoppel does not require the proponent to show that the insurer intentionally, voluntarily, or purposely relinquished the right or privilege.  *Buchanan*, 76 Wn.2d at 108.

While the Court does not agree with defendant that, even when viewing the facts in the light most favorable to defendant, plaintiffs have come to this Court with unclean hands, the Court is satisfied that there is a material issue of fact as to whether defendant's continued

ORDER
PAGE - 8

1    assurances that it was investigating plaintiffs' claim caused plaintiffs to refrain from initiating suit

2    to their detriment.  Here, just as in *Dickson*, defendant's investigation continued well beyond the

3    one-year contractual limitation period.  Likewise, plaintiffs were not informed that a final

4    decision was reached, and their claim was being denied, until after that limitation period had run.

5    The Court finds that such conduct presents a triable issue as to whether it "logically excuse[s]

6    plaintiffs from complying with the terms of the policy."  *Dickson*, 77 Wn.2d at 788.

7            Furthermore, plaintiffs arguably received mixed signals from defendant.  In almost every

8    letter on this record written from defendant to plaintiffs, defendant included a paragraph that

9    advised plaintiffs it was continuing its investigation of the claim, and therefore, it could neither

10   admit nor deny liability.  (*See* Dkts. #18, Exs. 1-3, 5-6, 9-11, 13-16, 18-19 and 21-26 and #43,

11   Exs. I-N).  But those same letters also included the paragraph that defendant required

12   compliance with its policy and reserved its rights and defenses.  (*See* Dkts. #18, Exs. 1-3, 5-6, 9-

13   11, 13-16, 18-19 and 21-26 and #43, Exs. I-N).  Interestingly, many of these letters were sent to

14   plaintiffs after the one-year limitation period had run.  Thus, the Court finds that plaintiffs were

15   justified in believing that defendant would continue to investigate their claim, and continue to

16   work towards settlement, without requiring them to file suit.  *See David v. Oakland Home Ins.*

17   *Co.*, 11 Wn. 181, 185 (1895).

18           Finally, the Court is not persuaded that the estoppel disclaimer and waiver notice

19   precludes plaintiffs' reliance on equitable estoppel.  Although the Court has determined that

20   RCW 48.18.470 precludes implied waiver of the one-year contractual limitation period,

21   defendant has not presented, and the Court is not aware of, any authority as to what preclusive

22   effect, if any, the estoppel disclaimer contained in defendant's letter has on plaintiffs' claims.

23   *See* 44A *Am. Jur. 2nd Insurance* § 1577 (2003) (explaining that nonwaiver notices or estoppel

24   disclaimers in a policy "do not supersede the recognized principles of the law of waiver and

25   estoppel and are not so conclusive as to prevent the officers and agents of the insurer through

26

ORDER
PAGE - 9

whom it must act in the transaction of business and the conduct of its affairs from binding the insurer by a waiver of a condition or from creating an estoppel against it to assert a breach of condition in avoidance of the policy").

For all of these reasons, the Court finds that there are genuine issues of material fact concerning the applicability of estoppel to the one-year contractual limitation period. Therefore, summary judgment is not appropriate for either party.

### E. Defendant's Request for Rule 56(f) Continuance

The Court acknowledges defendant's request for a Rule 56(f) continuance to the extent that this Court requests additional information regarding plaintiff' lack of good faith in requesting equitable relief, or to the extent that the Court requests a declaration from Mr. Bob Mills, the subsequent purchaser of plaintiffs' house. (Dkt. #39 at 3 n. 1 and 17 n. 2). However, because the Court finds that summary judgment is not appropriate for other reasons, the Court declines to request any further information from defendant, and declines to grant a Rule 56(f) continuance.

### F. Plaintiffs' Remaining Bad Faith and Consumer Protection Act Claims

The parties agree that the limitation period applies only to plaintiffs' breach of contract claims, but not to plaintiffs CPA or bad faith claims. Accordingly, those claims are not implicated by this Order and remain pending.

### III. CONCLUSION

Having reviewed plaintiffs' motion for partial summary judgment (Dkt. #17), defendant's opposition and cross-motion for partial summary judgment (Dkt. #39), plaintiffs' reply in support of their motion and opposition to defendant's cross-motion (Dkts. #45 and #52), defendant's reply in support of its cross-motion (Dkt. #53), the declarations and evidence in support of those briefs, and the remainder of the record, the Court hereby ORDERS:

(1) Plaintiffs' Motion for Partial Summary Judgment (Dkt. #17) is DENIED.

1    (2)  Defendant's Cross-Motion for Partial Summary Judgment (Dkt. #39) is GRANTED

2    IN PART and DENIED IN PART as follows:

3    a.  To the extent that defendant's cross-motion asks for summary judgment on the issue

4    of implied waiver, that cross-motion is GRANTED.  The Court finds that implied waiver is

5    precluded by RCW 48.18.470.

6    b.  For the reasons set forth above, the remainder of defendant's cross-motion is

7    DENIED.

8    (3)  Plaintiffs' pending CPA and bad faith claims remain to be resolved.

9    (4)  The Clerk shall forward a copy of this Order to all counsel of record.

10    DATED this 27th day of April, 2006.

11

12    RICARDO S. MARTINEZ
      UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER
PAGE - 11